**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 09-1133

UNITED STATES,

Appellee,

v.

DANNY REBOLLO-ANDINO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U. S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

Raymond L. Sanchez-Maceira on brief for appellant.
    Nelson Pérez-Sosa, Assistant U.S. Attorney, Luke Cass,
Assistant U.S. Attorney, and Rosa Emilia Rodriguez-Velez, United
States Attorney, on brief for appellee.

March 6, 2009

**Per Curiam**.  Defendant Danny Rebollo-Andino, charged with being a participant in a multi-defendant drug conspiracy, appeals from a district court order denying pretrial bail.  Having conducted an independent review tempered by deference to the district court's findings, see, e.g., United States v. O'Brien, 895 F.2d 810, 812 (1st Cir. 1990), we affirm.  Defendant has not sought to rebut the presumption of flight and dangerousness that apply in this context.  He instead makes oblique reference to one or more medical ailments that, on the present record at least, fall well short of calling the detention order into question.

A superseding indictment charges defendant and 58 codefendants with operating a drug trafficking organization in La Trocha Ward of Vega Baja, Puerto Rico.  More specifically, all defendants are charged with conspiracy and substantive violations involving possession with intent to distribute 50 grams or more of crack cocaine and 100 kilograms or more of marijuana within 100 feet of a public youth facility.  See 21 U.S.C. §§ 841(a)(1), 846, 860.  Defendant allegedly served as a "runner," supplying drugs to the sellers and collecting the proceeds for delivery to the leaders.  According to the indictment, the runners also supervised daily activities at the drug distribution points and, together with the leaders, "would discipline the other members of the organization by the use of force, violence and/or intimidation."

At a December 2, 2008 detention hearing, defendant offered no argument regarding bail but reserved the right to revisit the issue. The magistrate judge issued an order of detention that same day, finding by clear and convincing evidence that no conditions of release would reasonably secure defendant's appearance or the community's safety. On December 11, 2008, defendant filed a motion for "de novo bail hearing" under 18 U.S.C. § 3145(b). He there requested "home incarceration," stating that he "suffers from various medical conditions that warrant surgery [and] that will require treatment and hospitalization that will not be otherwise available" at the detention facility. Defendant did not identify his medical ailments, did not provide any documentation thereof, did not explain why he would be unable to receive adequate treatment while in detention, and did not discuss how the requested "home incarceration" would operate. The district court summarily denied the motion on January 21, 2009, noting that "no facts" had been alleged warranting a de novo hearing. Defendant now appeals from this ruling.

The determination that defendant poses a risk of both flight and danger has not been challenged on appeal and appears otherwise unexceptionable. We simply note the following. The indictment provides probable cause to believe that defendant committed a drug offense carrying a maximum term of imprisonment of ten years or more. See, e.g., United States v. Dillon, 938 F.2d

1412, 1416 (1ˢᵗ Cir. 1991) (per curiam).  Consequently, the rebuttable presumption in favor of detention applies.  See 18 U.S.C. § 3142(e) ("[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community").  Defendant has failed to satisfy his burden of production by presenting "some evidence" to rebut this presumption.  United States v. Jessup, 757 F.2d 378, 384 (1ˢᵗ Cir. 1985).  And even if he had done so, the presumption would still carry significant weight here, since defendant's case appears to resemble the "congressional paradigm," United States v. Palmer-Contreras, 835 F.2d 15, 18 (1ˢᵗ Cir. 1987) (per curiam), involving the special risks of flight and danger posed by organized drug traffickers

With respect to the motion for de novo hearing, the district court can hardly be faulted for declining to overturn the bail decision based on defendant's allegation that he has one or more unidentified "medical conditions."  Nor, without some further explanation of the underlying circumstances, was the court required to convene an evidentiary hearing.  We note that defendant's appellate brief likewise contains no description of his ailments; only in his notice of appeal, curiously enough, has he disclosed that he suffers from an abdominal hernia (and that his daughter suffers from lymphoma).  And even there, he does not explain why

his detention would prevent him from obtaining adequate treatment for his hernia condition (and proper care for his daughter).

Should future developments so warrant, defendant retains the ability to request reopening of the detention issue under § 3142(f) or, in extraordinary circumstances, even temporary release under § 3142(i).  On the present record, however, no error is apparent.

Affirmed.