**UNITED STATES of America,**
**Plaintiff,**

v.

**Julio CARTAGENA–MEDEROS,**
**Defendant.**

**Criminal No. 12–520 (FAB).**

United States District Court,
D. Puerto Rico.

Aug. 31, 2012.

Kelly Zenon–Matos, United States Attorney's Office, San Juan, PR, for Plaintiff.

Maria H. Sandoval, Maria H. Sandoval Law Office, San Juan, PR, for Defendant.

### MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is defendant Julio Cartagena–Medero's ("Cartagena") appeal of the denial of his motion requesting that his bail hearing be re-opened and his bail be granted. (Docket No. 25.) On June 20, 2012, Magistrate Judge Marcos E. Lopez ordered that defendant Cartagena be detained without bail pending trial on the basis of being a danger to the community. (Docket No. 7.) On July 25, 2012, defen-

dant Cartagena filed a motion requesting a re-opening of his bail hearing, (Docket No. 15), which the government opposed, (Docket No. 16). Defendant's motion was denied by Magistrate Judge Lopez. (Docket No. 19.) On August 22, 2012, defendant Cartagena filed a motion appealing the decision of Magistrate Judge Lopez. (Docket No. 25.)

Defendant Cartagena argues that the magistrate judge erred in denying his motion to re-open his bail, and erred in deciding that he should be denied bail because he was a danger to the community. Thus, defendant argues, the Court should revisit the issue of whether he should be granted bail pending trial. Specifically, defendant Cartagena argues the following: (1) the magistrate judge improperly concluded that defendant was a dangerous person even though he is a first time offender; (2) the magistrate judge failed to consider that Agent De Cardona's credibility was diminished because the agent failed to disclose the fact that defendant Cartagena was arrested with other persons; (3) defendant Cartagena is a "very small young man"[1] who had difficulty with other inmates at MDC; and (4) the magistrate judge placed undue emphasis on the alleged confession of the defendant in which he stated that he had a rifle in his possession. (Docket No. 25.)

In deciding whether defendant Cartagena is eligible for bail as he awaits trial, the Court follows the standard articulated in The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, at section 3142(e), which governs the rules for detention of a defen-

dant before trial. 18 U.S.C. § 3142(e) reads in relevant part:

"(1) [I]f, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."

Moreover, section 3142(f) reads as follows: "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Finally, according to section 3142(g), the Court must take into account the following factors to determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community": (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

---

1. Defendant indicated that he a "young man who is small in stature and frail," in an effort to argue that he is not a danger to the community. (Docket No. 15, made extensive to Docket No. 25.) It has been stated, and the magistrate judge found, that he had a powerful weapon in his hands. The Court is reminded of the old saying that God made Man, but Sam Colt made them equal when he pat-ented his revolver in the 1830's. Colonel Samuel Colt's revolver continues to serve as an "equalizer." Being meaner and tougher than the next guy may not mean much if the next guy is carrying a revolver, or as it is alleged in this case, a Colt M–16 military assault rifle. So much for a frail young man, small in stature, who is claimed to be not a danger to the community.

Defendant Cartagena's request that the Court revisit his bail denial is based on alleged legal errors and factual omissions in the magistrate judge's order. Defendant requests that this Court "reopen the bail hearing and allow [Agent] De Cardona to testify, again if necessary, to ensure that the court has entered an order based on correct conclusions [sic] of fact." (Docket No. 25 at 3.) At no point in defendant's motion does he argue that the bail hearing must be reopened because of new information that was not previously discovered that would shed light on whether defendant is in fact entitled to bail pending trial. Indeed, all of defendant's arguments made in his appeal were also made in his motion requesting a re-opening of his bail hearing. (*See* Docket Nos. 15 and 25.)

Moreover, any information that was not presented at the original bail hearing was not "unavailable" to defendant at that time, because defendant had sufficient time to prepare for witness questioning and failed to ask questions of the witnesses (Agent De Cardona in particular) that should have been raised during the initial hearing. *See United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir.1991) (affirming district court's decision not to reopen defendant's detention hearing because the affidavits and letters that defendant wanted to introduce were not "new information" because the *"information* contained in the affidavits and letters was indeed available to appellant at the time of the hearing.") (emphasis original). Defendant Cartagena's bare bones allegations do not raise any concerns about the magistrate judge's determination that defendant poses a danger to the community. Therefore, the Court need not reevaluate the factors under section 3142(g) to determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See United States v. Rebollo–Andino*, 312 Fed.

Appx. 346, 348 (1st Cir.2009) (affirming district court's denial of *de novo* bail hearing where defendant requested home incarceration due to medical ailments but failed to provide "further explanation of the underlying circumstances" regarding the reasons for bail to be granted.) Defendant Cartagena has failed to establish that he is entitled to bail; accordingly, defendant's motion for a new evidentiary hearing and for bail to be granted is **DENIED.**

**IT IS SO ORDERED.**